UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Winifried S. Faulring</u>

    v.                                                  Civil No. 05-cv-326-SM

<u>R. Stahl, Inc. and R. Stahl, AG</u>

**O R D E R**

Defendants seek a protective order prohibiting enforcement of a notice of subpoena of Dr. Peter Volker in New Hampshire.

<u>Background</u>

Peter Volker is an officer of the foreign defendant but more importantly for purposes of this order, he is the President and CEO of R. Stahl, Inc., the U.S. defendant. He has been disclosed as a witness in defendants' Rule 26(a)(1) disclosure and was a key actor in the underlying factual events. Plaintiff seeks his deposition in New Hampshire. R. Stahl, Inc. is a Delaware corporation which had its principal place of business in Salem, New Hampshire until 2005 when it moved its offices to Texas. Plaintiff and both counsel are located in New Hampshire. Plaintiff is subsisting on fixed retirement income and defendants are substantial business entities.

Discussion

Volker's position with the foreign defendant is not the decisive fact. His position as President and CEO of the Delaware corporation is the key fact. An officer of a corporation, particularly a domestic corporation, is clearly subject to deposition as an officer of the corporation. Fed. R. Civ. P. 30(b)(6). The question is not whether the corporation must produce Volker for deposition but where that deposition is to take place.

The court has discretion to designate a site other than the presumptively appropriate site of the corporation's home office when other factors unless justice requires otherwise. See Mill-Run Tours, Inc. v. Khashoggi, 124 F.R.D. 547, 550 (S.D.N.Y. 1989). Here, the comparative economic condition of the parties puts plaintiff at a disadvantage. Furthermore, the cost to defendants for the deposition to occur in New Hampshire instead of Texas is actually less.

While the court recognizes that corporate executives who have little or no role in the litigation ought not to be required to travel to be deposed, that is not the situation in this case. Volker is a key fact witness – identified as such by both

parties. The defendants are ordered to produce him for deposition in New Hampshire at a time convenient to the deponent and counsel but within the next forty-five (45) days. The motion (document no. 18) is denied.

    **SO ORDERED.**

_/s/ James R. Muirhead_
James R. Muirhead
United States Magistrate Judge

Date: August 4, 2006

cc:   Edward M. Kaplan, Esq.
       Craig L. Staples, Esq.